NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STATE FARM INDEMNITY COMPANY
AS SUBROGEE OF CLIFFORD SNOW,

          Plaintiff,

v.

COLLEEN E. BREHM *et al.*,

          Defendants.

**Civil Action No. 13-02228 (SRC)**

**OPINION & ORDER**

**CHESLER**, District Judge

This matter is before the Court upon the unopposed[1] motion of Defendant the United States of America ("Defendant" or "the Government") to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Entry 11.] Plaintiff State Farm Indemnity Company ("Plaintiff") – in place of Clifford Snow ("Snow") as his subrogee – has brought a negligence suit for damages against the Government and Defendant Colleen Brehm ("Brehm"), a criminal investigator employed by the Department of Homeland Security ("DHS"). Plaintiff alleges that Brehm was driving a vehicle owned by DHS when she "carelessly and negligently" crashed into a vehicle owned by Snow. Plaintiff further alleges that Brehm was operating the DHS vehicle "as the agent, servant and/or employee . . . of the [DHS]." Plaintiff asserts jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). (See Am. Compl. ¶¶ 3, 9.)

---

[1] By letter Order dated September 12, 2013, the Court adjourned the motion day from September 16 to October 7 to provide Plaintiff with additional time to respond to the Government's motion. Plaintiff failed to do so.

"The FTCA operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) ("the United States is immune from suit unless it consents to be sued . . . and the terms of such consent define the court's subject matter jurisdiction"). An FTCA plaintiff must meet the six threshold criteria set forth in § 1346(b)(1) before a District Court may exercise jurisdiction. Jurisdiction is only conferred where a claim is made

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss or property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be held liable to the claimant in accordance with the law of the place where the act or omission occurred.

CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. 471, 477 (1994)). An FTCA plaintiff must also comply with 28 U.S.C. § 2675, which requires a "claimant" to first present his claim to "the appropriate Federal agency" and have the claim "denied by the agency in writing" before filing suit.[2]

The Government's motion, focusing exclusively on criterion number five, argues that this Court lacks FTCA jurisdiction because Brehm was not acting within the scope of her employment with DHS when the automobile accident occurred. (Mov. Br. at 4.)[3] In the Third Circuit, this type of attack is a "factual" one that "places the burden of proving subject matter jurisdiction" on Plaintiff. See CNA, 535 F.3d at 139, 145. But Plaintiff has not opposed the

---

[2] This jurisdictional prerequisite is not at issue here, since it is undisputed that Plaintiff first submitted his claim to DHS and the agency rejected the claim in writing. (See Buchanan Decl., Ex. 2.)

[3] The Third Circuit instructs that a District Court may properly treat "the scope-of-employment issue as jurisdictional in the FTCA context . . . ." CNA, 535 F.3d at 140. As such, this Court "acting under Rule 12(b)(1) may independently evaluate the evidence regarding disputes over jurisdictional facts, rather than assuming that [Plaintiff's] allegations are true." See id.

Government's motion, which of course means that Plaintiff has failed to satisfy a burden of production, let alone persuasion. In contrast, the Government submits evidence that Brehm was using a DHS vehicle "for personal reasons unrelated to her official duties" as a criminal investigator when she collided with Snow's car; to wit, Brehm was driving in the early morning hours to a hospital where a friend was being taken by ambulance. (See Danchuk Decl. ¶¶ 3-7.) Applying the doctrine of *respondeat superior* under New Jersey law, see CNA, 535 F.3d at 146, this evidence indicates that when the accident occurred Brehm was not operating within the scope of her employment with DHS. See, e.g., Davis v. Devereux Found., 37 A.3d 469, 490 (N.J. 2012) ("an employee's act is outside the scope of his or her employment 'if it is different in kind from that authorized, or beyond the authorized time or space limits, or too little actuated by a purpose to serve the master'" (quoting Restatement (Second) of Agency § 228(2))). The Government's evidence merely guilds the lily anyway, insofar as it is Plaintiff's burden to persuade the court that § 1346(b)(1) is satisfied, not the Government's burden to persuade that it is not. It follows that with the FTCA's threshold criteria unmet, this Court lacks subject matter jurisdiction and the Amended Complaint should be dismissed as against the Government.

But what of the claim against Brehm? Had the Court concluded that Brehm committed the alleged tort within the scope of her employment with the DHS, Brehm would be immune from suit in federal court and dismissed with prejudice from the case. See Osborn v. Haley, 549 U.S. 225, 247 (2007) ("The Westfall Act grants a federal employee suit immunity . . . when 'acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" (quoting 28 U.S.C. § 2679(d)(1))). But with FTCA jurisdiction having been tried and found wanting, Brehm loses her protection from suit. Thus, the Court is faced with what

amounts to a six-thousand dollar negligence claim against Brehm in her individual capacity (see Am. Compl. ¶ 5), and an Amended Complaint that does not allege a basis for jurisdiction besides the FTCA.  The Court will therefore treat the claim against Brehm as supplemental and, pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise subject matter jurisdiction over it.  Insofar as Plaintiff intends to refile against Brehm in a court of competition jurisdiction, the claim against Brehm is dismissed without prejudice, and the tolling provisions of § 1367(d) apply.

Accordingly,

**IT IS** on this 6th day of November, 2013

**ORDERED** that Defendant the United States of America's motion to dismiss the Amended Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), be and hereby is **GRANTED**; and it is further

**ORDERED** the claim against the United States of America brought in Count One of the Amended Complaint be and hereby is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the claim against Defendant Colleen Brehm brought in Count One of the Amended Complaint be and hereby is **DISMISSED WITHOUT PREJUDICE**.

                                         s/ Stanley R. Chesler
                                         STANLEY R. CHESLER
                                         United States District Judge